rent from the Affignee will take away all remedy againft the Leffee himfelf. I have looked for this diftinction in the books, but cannot find it in any cafe where there was an exprefs covenant for the payment of the rent. The cafes found the law upon the perfonality of the contract; which extends equally to the payment of the rent, as to the making repairs; and, though the authorities are not fo *numerous* in the one cafe as the other, yet they are as *exprefs*. 2 *Keb.* 640. and 2 *Barnard*. 372. are full to the point. If thefe books are thought to be of doubtful authority, 1 *Roll. Ab.* 522. cites two cafes, where the breach of covenant was for *non payment of the rent*. In 1 *Sid* 402. where the Court draws the diftinction between debt and covenant, they exprefsly mention the action to be for the *rent*; and the cafe in 3 *Lev.* 283. is likewife covenant for non payment of the rent.

As to the argument *ab inconvenienti*, I cannot fee how it operates more in this country than in *England*. If Leffees mean not to be perfonally bound after affignment, they fhould take care what covenants they enter into. If they will, in exprefs words, covenant for the payment of the rent, they muft be bound by it.

Judgment for the Plaintiff.

## WELLS *et al.* Appellants, *verfus* FOX.

THIS was an appeal from the determination of the Regulators of Party Walls &c.—*Howell* moved that a *Venire* fhould iffue agreeably to the third fection of the act paffed the 15th of *April* 1782, 3 *State Laws* 75. allowing the appeal to the next Court of *Common Pleas*, and enacting, that thereupon " the faid Court (upon fecurity being " entered &c.) fhall direct a *Venire* to the Sheriff &c."

*Sergeant* thought that the queftion ought to be tried upon a feigned iffue, or under an ejectment; to either of which he would agree.

But, by SHIPPEN, *Prefident*.—A feigned iffue can only determine, whether the Regulators have done right or not; it cannot determine the title, and finally fettle the matter. For this reafon we think it proper to try the queftion by ejectment.

*Lewis* and *Wilcoks* faid, the practice in the *Supreme Court* had been conformably to the opinion of the *Prefident* here.

## COOPER *verfus* COATS.

A BOND and Warrant to confefs Judgment had been executed by the Defendant for £600. Before the Judgment was entered up, he had paid fo much of the money as reduced the fum really due to lefs than £.10: And the queftion ftated for the opinion of the Court, was, whether the Plaintiff fhould be allowed cofts?

*Hallowell*

*Hallowell* and *S. Levy* urged, that this was the cafe of a Bond with a warrant of Attorney, upon which they could not have confeffed Judgment before a Juſtice; that a Juſtice could not have taken cognizance of a fet off exceeding £.10; and that the penalty of a Bond was intended to cover the intereſt and coſts; fo that, even for the furplus, it was neceſſary in *England* to feek for relief in a Court of Equity.

*Sergeant contra.* Where the fum is under £.5. the act of 1745, 1 *State Laws* 204. meant to give full jurifdiction to the Juſtices, except in certain enumerated cafes; and the fame jurifdiction is afterwards extended to fums under £.10. by reference to that act. The expreſſions of the Legiflature are "that all actions for debt or other " demand for the *value* of 40s. and upwards, and not exceeding " £.5. &c. ſhall be cognizable before any Juſtices &c.;" which word *value* muſt intend fomething more than a penalty; for the penalty of a Bond, being generally double the fum due, would exceed £.10. although the *value* of the debt might be lefs. In the prefent inſtance Judgment is taken only for £.7. Debt upon a Bond for the Payment of money, is within the jurifdiction of the Juſtices; but, if the oppofite conſtruction were to prevail, the act, which was framed to fave coſts, might in almoſt every cafe of a Bond be defeated.—This is not like a fet off, which we might defalc or not, as we pleafed; and, as to its being the cafe of a Judgment confeſſed by warrant, that will be no recommendation to the favor of the Court.

SHIPPEN, *Prefident.*—In the cafe of a fet off, this rule, with refpect to coſts, would be fubject to great inconveniency; for, as it happened this Term, in *Coxe v. Bolton*, a fet off of £ 60. might be given in evidence, though the Plaintiff could never bring the matter to a trial before a Juſtice; as it was not in his power to fay whether the Defendant would refort to an action, or take advantage of the defalcation.

The opinion of THE COURT was afterwards delivered to the following effect;

SHIPPEN, *Prefident.*—We think this cafe comes within the exprefs words of the act of Affembly, declaring that coſts ſhall not be recovered; and there is no evidence that the Defendant has entitled himfelf to the benefit of the exception, by filing a previous affidavit of his belief that the debt exceeded £10.

It is not our meaning, however, when an action is brought for a fum above £10. and the Defendant reduces it to lefs by a fet off, which he might, or might not, have pleaded, that, in fuch a cafe, the Plaintiff is not entitled to coſts. The reafon and juſtice of the thing, would then be clearly in his favor. *

Judgment for the Plaintiff, but without coſts.